PROVOSTY, J.
As plaintiff was walking at night alongside the track of the railroad of the defendant company he stumbled' upon a pile of cinders and clinkers that had been thrown there in cleaning out the fui; *807 nace of a locomotive and fell, and received injuries for which he sues the defendant company in damages.
I-Iis contention is that the place was a street. It was so on the mapi of the village of Minden Junction (now called Sibley), but not so in reality. On the map it bears the name of Railroad avenue.. It runs east and west. The accident occurred on that part of it between blocks S and T, between Rapides street on the east and Natchitoches street on the west. Between these two blocks it is 200 feet wide. Between the next two blocks on the west it is 150 feet wide. Between the two blocks on the east it consists of two streets each 60 feet wide, between which there is a space 2S0 feet wide. The Vicksburg, Shreyeport & Pacific Railroad runs along the center of it. Whether on the north side of it along its entire length there are any buildings, except the station and the section foreman house of the Vicksburg, Shreveport & Pacific Railroad, the record does not show. We gather that there is none. 'In block S south of it, at irregular distances from what would be the property line, there are a livery stable, .a building in which the post office is kept, and three stores. Curving iuto it coming from block S on the south and going northeast to join the Vicksburg, Shreveport & Pacific track is the track of the defendant railroad. Along Rapides street is the track of the Louisiana & Arkansas Railroad. Along the south side is a wagon road. South of the main track of the Vicksburg, Shreveport & Pacific is a side track. There are no sidewalks, and the place is not kept up as a street, but is grown up m grass and weeds; the only part traveled by vehicles being the wagon road. Defendant says that it is the private property of the Vicksburg, Shreveport & Pacific Railroad, and is a railroad yard, and not a street. It is level, save for a ditch dug along it by the Vicksburg, Shreveport & Pacific Railroad for drainage. It can be, and is habitually, crossed in every direction by pedestrians. Along the lines where this travel is most frequent the grass is more or less beaten down or worn away into paths. The record title to the land is in the Vicksburg, Shreveport & Pacific Railroad Company, but as the locality has been laid out into streets and blocks, and a map made of it, and lots sold according to this map, the plaintiff contends that the streets thus laid out and platted have been dedicated to the public, and are public streets. Sibley is incorporated, but the charter has fallen into disuse, by reason doubtless, of the number of inhabitants not being sufficient to make it worth while to keep up the corporate life.
The pile of cinders and clinkers was on that part of this street, or open space, opposite two of the stores, between them and the railroad depot, on the north side of the track of the railroad of the defendant company, about 50 feet from the stores, and about 100 feet from the station. The quantity of them was one to two baz'rels, what might be taken out of a locomotive grate at one cleaning.
It was at the place where the locomotive of the defezzdant company usually stops, and its furnace cleaned out. How long this pile had been there, and exactly how long it remained there, and as to what extent it was customary for cinders and clinkers to be left at that place, the record does not show with any certainty. One witness testifies positively to there not' ever having been cinders and clinkers there before, and in the next breath testifies to his having seen them there before. Several witnesses testify to their having zzever observed them there before, but are not positive as to none having been there. Under the circumstazzces it is easily conceivable how the cleanings from a locomotive grate might have been emptied anywhere along there in the grass and weeds and not attracted particular attention.
Plaintiff was the section foreman of the Vicksburg, Shreveport & Pacific Railroad. One of the contentions of defendant is that *809 it was his duty to see to the keeping the right of way of the Vicksburg, Shreveport & Pacific in order, and that this place was part of this right of way. But he testifies, and is not contradicted, that this particular place was not within his territory. The record shows that this track belonged to the Vicksburg, Shreveport & Pacific Railroad, but was leased to, and used only by, the defendant.
Plcdntiff was going home, and was taking the shortest way. It was too dark for him to see this obstruction. He himself admits that it was so dark he lost his road. Defendant contends that in this darkness plaintiff ought to have followed the safest way, either the wagon road or a path along the north side of the Vicksburg, Shreveport & Pacific track, and that this attempt on his part to cut across and adopt the shortest way to his house constituted contributory negligence.
Whether it did so or not, and whether the dumping of these cinders and clinkers at that place could or not amount to negligence, would depend upon circumstances; would depend upon how far this place was a street, or how far a mere open space devoted mainly to railroad uses.
The trial below was without a jury, and plaintiff’s suit was dismissed. We are not ' in a position to say erroneously.
Judgment affirmed.